MICHIGAN RAILROAD COMMISSION *v.* DETROIT & MACKINAC RAILWAY CO.

1. MANDAMUS — RAILROADS — PUBLIC SERVICE COMMISSION — ENFORCEMENT OF ORDERS.

   Mandamus is the appropriate remedy to compel the Detroit & Mackinac Railway Company to comply with an order of the Michigan railroad commission fixing rates for the transportation of timber and logs over certain branches of the respondent.

2. SAME—SUIT PENDING—EQUITY JURISDICTION.

   The effect of another suit pending, involving similar questions, is usually to prevent the issuance of the writ of mandamus, unless the suit will be ineffective or the court in which it is instituted is without jurisdiction.

3. RAILROADS—MANDAMUS—SUIT PENDING.

   Where a railroad company applied to the circuit court of Wayne county to restrain the enforcement of an order of the Michigan railroad commission, and relief was denied and the decree affirmed on appeal, and an appeal to the Supreme Court of the United States was refused, after which the company filed an original bill for an injunction in the United States district court and took an appeal from the decree denying relief as against the order of the com-

mission, the respondent must be held to have elected a forum for the trial of the controversy by filing suit in the State courts and was not in a position to make application thereafter to the Federal court on the contention that it had jurisdiction of the legal questions involved.

4. SAME—COURTS—FEDERAL JURISDICTION.

The tribunal which first obtains jurisdiction of a question which may be passed upon either in a State or in a Federal court, obtains and holds exclusive jurisdiction, until the power of the court is exhausted.

5. SAME—LEGISLATIVE QUESTION.

The determination of the question of the validity of such order was not a legislative, but a judicial, question.

6. SAME—MANDAMUS.

Where the application of relator to the Federal court had been denied, upon the ground that the State courts properly had jurisdiction of the questions involved, at the election of the railroad corporation, mandamus would issue to enforce the order.

Mandamus by the Michigan railroad commission and others against the Detroit & Mackinac Railway Company to compel the respondent to comply with a finding and order of the commission. Submitted June 16, 1914. (Calendar No. 26,229.) Writ granted July 25, 1914.

*Gillett & Clark, Grant Fellows,* Attorney General, and *David H. Crowley,* Assistant Attorney General, for relators.

*Fred A. Baker* and *James McNamara,* for respondent.

STONE, J. This is an application on the part of relators for a writ of mandamus to compel the respondent railway company to put in force certain orders adopted by the Michigan railroad commission.

We compile a brief statement of the proceedings leading up to this application: On October 19, 1909, October 22, 1909, and November 3, 1909, the Michigan

railroad commission made and promulgated certain orders fixing rates to be charged by respondent for the transportation of logs over certain portions of its line. After the entry of such orders the respondent filed a bill in the circuit court for the county of Wayne, in chancery, praying that court to set aside and vacate the orders theretofore made and entered by said commission. Upon a full hearing in that court a decree was entered dismissing respondent's bill of complaint. Upon appeal to this court the decree of the Wayne circuit court, in chancery, was affirmed on July 22, 1912. *Detroit & Mackinac R. Co.* v. *Railroad Commission,* 171 Mich. 335 (137 N. W. 329).

Thereafter application was made by respondent to this court, and also to one of the justices of the Supreme Court of the United States, for the allowance of a writ of error to the Supreme Court of the United States. Both applications were denied in August, 1912.

Thereafter respondent filed an original bill of complaint in the district court of the United States for the eastern district of Michigan, in equity, which bill contained practically the same allegations as the bill theretofore filed in the circuit court for the county of Wayne, in chancery, asking for the same relief, and praying further that a temporary injunction be graned restraining relator Michigan railroad commission from putting into effect and enforcing the orders theretofore made and entered by said commission, pending such hearing in the Federal court. This matter was heard upon motion for the temporary injunction above mentioned by two circuit judges and the district judge. The injunction was refused; one of the reasons stated in the opinion rendered for such refusal being that respondent's right of review in court became fixed when the orders of the commission were formulated, and that respondent at that time

could have resorted to any court of competent juris-
diction; that, having selected the Wayne circuit court,
in chancery, as its forum, and having submitted its
controversy to such court, a decree having been ren-
dered against respondent in such court, which decree
was subsequently affirmed by this court, the Federal
court would, in view of these facts, have no jurisdic-
tion to pass anew upon the subject-matter.

An appeal was subsequently taken from this order
denying the temporary injunction to the Supreme
Court of the United States, where the matter is now
pending.

The instant proceeding is brought for the purpose
of compelling, by mandamus, compliance with the
orders made by the railroad commission under dates
above set forth.

The answer of respondent admits, in substance, the
foregoing; and it also admits that it has not put into
force and effect the said orders of the commission,
and states that it does not desire to do so before the
case is finally decided in the Supreme Court of the
United States.   And respondent denies that relators
have a right to have the said orders put into force and
effect.   In other words, it appears that the allegations
in the petition of the relators are admitted, except the
right of relators to have the orders put into force and
effect.

The answer of respondent is voluminous, and raises
many questions of fact which have already been
settled by the decree and opinion of this court, and by
the opinion of the Federal judges on the hearing for
a preliminary injunction.

Relators claim that many of the matters raised by
respondent are irrelevant and immaterial in this pro-
ceeding, and that the petition filed by relators does
not legally raise any such issues, and does not justify
the filing of an answer of this nature.   Subsequent
to the time of respondent's appeal to the Supreme

Court of the United States from the order of the United States district court refusing a temporary injunction, a motion was made in this court by relator Michigan railroad commission to amend the decree theretofore made and entered in the case of *Detroit & Mackinac R. Co.* v. *Railroad Commission, supra.* The relief sought by such proposed amendment was to the effect that the orders of the commission heretofore mentioned be decreed to be immediately put into effect. This motion was denied by this court on December 20, 1913 (178 Mich. 250, 144 N. W. 689), the reason for such denial being that, inasmuch as no affirmative relief was asked for or granted defendant in the lower court, and no appeal having been taken by the commission, the practice would not permit an amendment affording affirmative relief. In rendering this opinion this court very fully discussed the various questions raised, reaffirmed the position theretofore taken with respect to respondent's contentions, and pointed out that the remedy should be under section 47 of Act No. 300 of the Public Acts of 1909, which provides as follows:

"In addition to all the other remedies provided by this act for the prevention and punishment of any and all violations of the provisions hereof and of all orders of the commission, * * * and likewise any persons, firm or corporation interested, may compel compliance with the provisions of this act and with the orders of the commission by proceedings in mandamus, injunction or by other appropriate civil remedies."

On the hearing of the last above-mentioned matter the point was made, among others, by respondent, that an application for mandamus should not be entertained by this court while the appeal is pending in the Supreme Court of the United States, and this question was left open by us, which question we think now is fairly presented to this court.

From the above-quoted section of the statute it appears that the legislature intended mandamus as an appropriate remedy to enforce the orders of the commission, and it has been decided in the courts of last resort of other States that mandamus is the appropriate remedy to compel compliance by railroad companies with proper commission orders. *State, ex rel. Skeen,* v. *Transit Co.,* 38 Utah, 242 (112 Pac. 120) ; *State, ex rel. Railroad Com'rs,* v. *Railroad Co.,* 60 Fla. 465 (54 South. 394).

It may properly be asked what effect should be given to the original bill filed in the United States district court for the eastern district of Michigan, in equity, by respondent, and the appeal from its judgment now pending, upon the question of the issuance of a mandamus by this court.

"As a general rule, the pendency of another suit involving the same question will prevent the issue of a mandamus unless it will be ineffective, or the other court is without jurisdiction." 26 Cyc. p. 184, and cases there cited.

Applying this rule to the instant case, the pendency of the appeal in the Federal court involving practically the same matter as that adjudicated in this court, unless ineffective, or unless the Federal court is without jurisdiction, would operate so as to prevent the issuance of the writ of mandamus. But if this case is one of the exceptions to the general rule, in that the Federal court is without jurisdiction, then the rule should not apply.

Manifestly the respondent, at the time of the making and entering of the orders in question by the commission, had the unquestioned right to submit its controversy either to the State or Federal court. But, having selected the circuit court for the county of Wayne, in chancery, as its forum, and judgment in that court having been rendered against it, and the said judgment having been affirmed on appeal by this

court, respondent cannot now claim jurisdiction in a court which might have determined the controversy at the time the same arose, when it sought the State court and attempted to invoke the assistance of it. *Detroit & Mackinac R. Co.* v. *Railroad Commission* (D. C.), 203 Fed. 864.

Chief Justice Fuller, in *Moran* v. *Sturges,* 154 U. S. 256-269 (14 Sup. Ct. 1019, 1022), said:

"It is a doctrine of law too long established to require a citation of authorities that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court; and that, where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. These rules have their foundation, not merely in comity, but on necessity. For if one may enjoin, the other may retort by injunction."

Justice Shiras, in *Harkrader* v. *Wadley,* 172 U. S. 148, at page 164 (19 Sup. Ct. 119), lays down the rule in this language:

"When a State court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted; and this rule applies alike in both civil and criminal cases."

It is contended by respondent that the court first acquiring jurisdiction should proceed to a determination without interference. This may be conceded. Applying that rule, it seems to us that there has been a complete and final adjudication as between the parties to the controversy involving the subject-matter, in a court of competent jurisdiction, to wit, the State court.

We cannot accede to the claim of respondent that the proceedings had in the State court were not judicial in nature. It has already been decided by this court, as well as by the United States district court for the eastern district of Michigan, in equity, that the action of this court in affirming the decree of the Wayne circuit court, in chancery, as well as the action of that court, was not legislative, but was judicial in character.

We do not think the question of comity is here involved, because the Federal court has taken the same view which this court has entertained of the subject-matter. That court not having assumed jurisdiction, and having passed upon this very question of jurisdiction, we see no reason why the writ of mandamus should not issue.

We see no occasion for the forming of an issue upon the questions here presented, and are of opinion that the writ of mandamus should issue as prayed in relator's petition.

It is so ordered.

MCALVAY, C. J., and BROOKE, OSTRANDER, MOORE, and STEERE, JJ., concurred. KUHN and BIRD, JJ., did not sit.