MICHIGAN RAILROAD COMMISSION *v.* DETROIT & MACKINAC RAILWAY CO.

1. CARRIERS — RATES — MICHIGAN RAILROAD COMMISSION — SCHEDULES.

  Under section 10 (a) of Act No. 300, Pub. Acts 1909 (3 How. Stat. [2d Ed.] § 6534), providing that schedules of railroad rates shall be plainly printed in large type and copies for the use of the public be kept on file in the depot, station, or office of the carrier, where a railway company was ordered by the court, enforcing the

finding of the railroad commission, by mandamus, to put in force certain specified rates upon its lines, it was the duty of the respondent corporation to comply with the provisions of the statute; it did not substantially comply with the order of the court and the statute by causing typewritten copies of the schedule of rates to be sent to the offices of the company and to the railroad commission.

2. SAME—ACQUISITION OF BRANCH LINES—ORDER OF RAILROAD COMMISSION.

The respondent railway company also failed to comply with the order of the commission in excepting from the operation of rates specified by the commission two branch lines which the company acquired after the institution of proceedings before the commission and during their pendency, one branch line being acquired within a few weeks after the first order of the commission was entered and before the determination of chancery proceedings to test the validity of the decree; the other branch being obtained by the respondent shortly after the entry of the order of the decree in chancery affirming the validity of the order and prior to the final determination of the commission putting it into effect.

3. SAME—CONTEMPTS—TRAFFIC—REGULATION OF RATES.

In contempt proceedings brought to require a respondent railway company to comply with the writ of mandamus of the Supreme Court, requiring the enforcement of a schedule of rates as determined by the Michigan railroad commission, the question of the unreasonableness of the order and any criticism or modification which it is claimed should be made should be addressed to the railroad commission in supplemental proceedings and is not available in defense of the contempt proceedings.

4. SAME—REBATE—MICHIGAN RAILROAD COMMISSION.

Where the effect of the order of the commission was to require the railway company to charge 50 cents less per thousand upon logs to be reshipped over defendant's lines in the form of manufactured lumber, respondent did not properly comply with the order by providing for a rebate in case the reshipment actually occurred.

5. CONTEMPTS — ORDER OF RAILROAD COMMISSION—ENFORCEMENT — PURGING CONTEMPT.

Where the respondent railway company failed to comply

with an order of the Supreme Court in mandamus proceedings requiring the corporation to adopt certain rates established by the railroad commission and respondent attempted to justify its omission to comply literally with the direction of the court by setting up advice of counsel and a construction of the order which was not in strict accordance with its phraseology, though possibly colorable, the court may require the respondents to purge themselves of contempt without punishing them or assessing a fine. .

Proceedings in contempt by the Michigan Railroad Commission and others against the Detroit & Mackinac Railway Company and another for neglect to comply with a peremptory writ of mandamus. Submitted June 16, 1914. (Calendar No. 26,229.) Decided February 4, 1915.

*Grant Fellows*, Attorney General, and *Gillett & Clark*, for relators.

*James McNamara* and *Fred A. Baker*, for respondents.

PER CURIAM. This is a proceeding in contempt by means of which relators seek to have respondents punished for their alleged failure to comply with the terms of an order contained in a peremptory writ of mandamus issued out of this court on the 7th of August, 1914. 182 Mich. 234 (148 N. W. 385). That order commanded respondents:

"That forthwith on service upon you of this peremptory writ of mandamus, you do put into full force, and effect the three several orders of the Michigan Railroad Commission."

The validity of said orders was questioned by the respondents from and after the date of their promulgation by the railroad commission on October 19 and 22, 1909, and November 3, 1909. During the five years following, respondents, proceeding under the statute

creating the railroad commission, endeavored to show the unreasonable character of the orders and prevent them from being given effect.  Instead of complying with the mandate of this court literally, on August 15, 1914, the respondents promulgated the following order in alleged compliance therewith:

"Detroit & Mackinac Railway Company.
"BAY CITY, MICH., August 15th, 1914.
"On and after August 17th, the following rates will apply on logs to Alpena, Mich., from points on the D. & M. Ry. Co. except from Hillman and Rogers City Branches:

"10 miles or less, $1.50 per 1,000 feet.

"Over 10 miles and not exceeding 20 miles, $1.85 per 1,000 feet.

"Over 20 miles and not exceeding 30 miles, $2.17 per 1,000 feet.

"Over 30 miles and not exceeding 50 miles, $2.50 per 1,000 feet.

"Over 50 miles and not exceeding 80 miles, $2.83 per 1,000 feet.

"Minimum 3,000 feet per car.

"A refund of 50 cents per 1,000 feet to be made if manufactured product is reshipped via D. & M. Ry.

"Above takes the place of existing rates.

"J. K. HUDSON, Genl. Freight Agent."

This was a typewritten communication to the railroad commission, and typewritten copies thereof were placed on file in the various offices of the respondent railway company.  It was not in compliance with section 10a, of Act No. 300, Pub. Acts 1909 (3 How. Stat. [2d Ed.] § 6534), which provides:

"Such schedules shall be printed  plainly in large type, and copies for the use of the public shall be kept on file for public inspection in every depot, station or office of such carrier where passengers or freight respectively are received for transportation or where tickets are sold, in such form that they will be accessible to the public and can conveniently be inspected."

The relators urge that respondents have violated

both the spirit and the letter of the orders of the commission and the mandate of this court, in the following particulars:

"(a) In neglecting and refusing to print, file, and keep open to the public in offices of said company, and with the commission, schedules or tariffs containing the charges for transportation fixed by the three orders of the said commission.

"(b) In neglecting and refusing to put the schedules or tariffs containing the charges for transportation fixed by the said three orders of the said commission into effect upon the Hillman branch, and upon the Rogers City branch, so called, of said railroad company.

"(c) In charging as a minimum per car load on logs shipped from the stations of Onaway and Case on the main line of said railroad, which stations are within 50 miles of Alpena, $7.50 per car, instead of the specific minimum fixed by the order of said commission of $6 per car."

On behalf of respondents, it is contended that the order of August 15, 1914, *supra,* is a practical compliance with the order of this court. Touching the second charge, that it excepted the Hillman and Rogers City branches from the operation of said tariff, it is urged that those branches were not in existence in October, 1909, when said orders were made by the commission, and that therefore they were justified in so excepting those branches. An examination of the orders in question, which will be found set out in full in the opinion of this court in *Detroit & Mackinac Railway Company* v. *Railroad Commission,* 171 Mich. 335 (137 N. W. 329), shows that the rate is upon a mileage basis. It further appears that, though the branches in question were not in operation at the time the orders were made, the Hillman branch went into operation in December of 1909, and the Rogers City branch in June, 1911. Subsequent to the earlier date, the proceedings to test the validity of the orders

reached that point provided for in section 26c of the act, which provides that after the chancery proceedings, under certain contingencies, the matter shall be again submitted to the commission, when, "if the original order shall not be rescinded or changed by the commission, judgment shall be rendered upon such original order." This action was taken by the commission after the Hillman branch was in operation. We think it could hardly be contended that a rate based upon mileage should not be held operative over trackage added to the respondent's enterprise pending the contest over the validity of the order fixing such rate, or over trackage added after the entry of the decree in the lower court. It therefore follows that, in excepting the Hillman and Rogers City branches from the operation of the rate, the respondents were in error.

Touching the third cause of complaint assigned by the relators, it is urged on behalf of respondents that the tariff published by the company and above set forth is a practical compliance with the mandate of the court. The commission tariff, after providing for rates 50 cents per thousand less than those stated in the respondent's tariff of August 15, 1914, provides:

"Above rates to apply when the manufactured product is reshipped via defendant company's line, and when not so to be reshipped, that company is authorized to collect in addition to each rate, 50 cents per 1,000 feet, but if later reshipment is made over defendant company's line they are to refund to each shipper the 50 cents per 1,000 feet collected; and, it is further ordered that the books of both defendant company and complainants (and all other shippers of logs affected by this order) shall show plainly the total of inbound shipments and the reshipment of the manufactured product."

Respondents contended that they should be permitted to charge the extra 50 cents a thousand and rebate only upon a showing that the logs shipped in

had been shipped out over their line in the shape of manufactured product. The claim is made that the order as it stands is unreasonable, and in any event extremely difficult in operation. This, we think, is a criticism which should be addressed to the railroad commission in a proper proceeding on the part of respondents. The orders exactly as framed by the commission were the orders which this court directed by its peremptory writ to be put into immediate effect. In affirming the judgment of the court below, giving effect to those orders, this court distinctly stated that the decree should be without prejudice to the right of the respondent company to move the commission for a modification of its rules as experience in the facts coming to its knowledge might appear to warrant. In this proceeding we are not concerned with the validity of, or the workability of, the orders in question; those matters have already been determined.

In their return to the order to show cause, respondents show:

"(1) That they did not put the rates fixed by the railroad commission by the orders of October 22 and November 3, 1909, in force on the Hillman and Rogers City branches, because of an honest and apparently well-founded belief that said orders did not apply to said branches, and that they were at least entitled to take the judgment of the court thereon; but, if the court is of the opinion that said orders do apply to said branches, they are ready and willing to put them in force thereon.

"(2) That they construed said orders to mean that the railroad company had the right to collect the full rates permitted by said orders, subject to the obligation to refund 50 cents per thousand when it was shown to it that the products of the logs had been shipped out on the railroad, and, in case of any dispute, to leave the matter to the determination of the courts, the same as other matters of controversy are, and where on any disputed questions of fact the parties have a right to a jury trial. These respondents

respectfully submit that their construction of said orders is correct; but, if the court is of a contrary opinion, they will gracefully comply with the orders and directions of the court in the premises."

Upon the argument counsel for respondents distinctly disclaimed any intention to avoid or evade compliance with the order of this court.

The contentions of respondents are untenable. It follows therefore that we must find them guilty of contempt. That guilt, however, is technical only, for we are satisfied that the failure of respondents to comply fully with the order of this court was not wanton, but that they acted in good faith upon the advice of reputable and competent counsel, and under a construction of the order, which, while not warranted, was colorable. Under these circumstances, a fine or other punishment need not be imposed without giving opportunity to respondents to otherwise purge themselves of contempt.

We think the ends of justice will be accomplished if, within five days from the service of notice of the filing of this opinion, they comply literally with the mandate of this court making the rates fixed by the orders of the railroad commission operative over all the mileage of the road, including that of the Hillman and Rogers City branches. Upon filing proof of such action by respondents, an order will be entered purging them of contempt.

BIRD and KUHN, JJ., did not sit.